IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES B. WILLIAMS,

                          Petitioner,

v.

MATTHEW MARSKE,

                          Respondent.

OPINION and ORDER

18-cv-864-jdp

---

Petitioner James B. Williams, a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, is seeking postconviction relief under 28 U.S.C. § 2241. I directed the government to respond to Williams's petition on February 6, 2019. Dkt. 3. Williams, by counsel from the federal defender's office, has now moved for appointment of counsel to assist him in this proceeding. Dkt. 7. I will grant Williams's motion and appoint counsel.

I may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the "interests of justice" require, courts generally consider whether the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer at his side. *See e.g.*, *Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). I am persuaded that appointing counsel for Williams will serve the interests of justice. Williams's claims are potentially meritorious and his case involves complex questions of law concerning the application of 28 U.S.C. § 2255(e)'s "savings clause" and employing the categorical approach to analyze the felony drug convictions at issue. I also

understand that Williams may be simultaneously litigating his sentence under the First Step Act of 2018 in the District of Minnesota, which further complicates an already complex case.

Although he has not provided specific information about his finances, I am satisfied that Williams meets the financial eligibility requirements. Williams had appointed counsel during his criminal proceedings. *See United States v. Williams*, No. CRIM 06-208 JMR/JGG (D. Minn.), *aff'd*, 534 F.3d 980 (8th Cir. 2008). He has been incarcerated ever since, so I presume his financial circumstances have not improved. Any doubt as to the petitioner's financial eligibility is resolved in his favor, and "erroneous determinations of eligibility may be corrected at a later time." Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b).

So I will appoint counsel for Williams and direct the clerk of court to send a Criminal Justice Act (CJA) form 23 to Williams. Williams must complete and file that form by the deadline set below. Unless the form shows that Williams can afford counsel, I will not issue a separate order assessing his finances. The CJA form 23 requires Williams to certify it under penalty of perjury, and if I later determine that he can afford counsel, I will consider terminating the appointment of counsel and directing Williams to reimburse his attorney for the cost of representation. 18 U.S.C. § 3006A(c), (f).

ORDER

IT IS ORDERED that:

1. Petitioner James B. Williams's motion for appointment of counsel, Dkt. 7, is GRANTED.

2. The clerk of court is directed to send a copy of this order and a Criminal Justice Act form 23 to petitioner.

3. Petitioner must complete and file the CJA form 23 within four weeks from the date of this order.

Entered March 5, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge